UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Cranshire Capital Master Fund, Ltd.,**<br><br>    **Plaintiff,**<br><br> v.<br><br>**Advanced Cell Technology, Inc.,**<br><br>    **Defendant.** | 11 Civ. 8755<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF ADVANCED CELL TECHNOLOGY, INC.** |

  Defendant Advanced Cell Technology, Inc. ("Defendant"), by and through the undersigned, hereby answers the Complaint of Cranshire Capital Master Fund, Ltd., ("Plaintiff"), filed on December 2, 2011 (the "Complaint"), as follows:

  1. Defendant denies the allegations in Paragraph 1 of the Complaint.

## PARTIES

  2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

  3. Defendant admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

  4. Defendant admits the allegations in Paragraph 4 of the Complaint.

  5. Defendant admits the allegations in Paragraph 5 of the Complaint.

  6. In response to the allegations contained in Paragraph 6 of the Complaint, Defendant refers Plaintiff and the Court to the referenced "relevant agreements" for the contents thereof.

## FACTUAL BACKGROUND

**The Original Purchase and Subsequent Assignment of the Warrants**

7.    Defendant admits the allegations in Paragraph 7 of the Complaint and refers the Plaintiff and the Court to the referenced Securities Purchase Agreements for the contents thereof.

8.    In response to the allegations contained in Paragraph 8 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrants for the contents thereof.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10.    Defendant denies the allegations in Paragraph 10 of the Complaint, except admits that on October 24, 2011, Cranshire LP delivered to ACTI the Warrants Cranshire LP had transferred to Cranshire Fund and the fully executed assignment forms and admits that no transfer taxes needed to be paid.

**Terms of the Warrants**

11.    In response to the allegations contained in Paragraph 11 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrants for the contents thereof.

12.    In response to the allegations contained in Paragraph 12 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrants for the contents thereof.

13.    Defendant denies the allegations in Paragraph 13 of the Complaint and refers Plaintiff and the Court to the referenced Warrants for the contents thereof.

14.    In response to the allegations contained in Paragraph 14 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrants for the contents thereof.

15.    In response to the allegations contained in Paragraph 15 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrants for the contents thereof.

**Cranshire Fund's Right to Specific Performance and ACTI Waiver of Defenses**

16. Defendant denies the allegations in Paragraph 16 of the Complaint and refers Plaintiff and the Court to the referenced Warrants for the contents thereof.

**Cranshire's Warrant Shares Increased in Number on or about July 29, 2009 , and Cranshire Exercised Warrants in Full for Warrant Shares on December 22, 2010**

17. In response to the allegations contained in Paragraph 17 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Consent, Amendment and Exchange Agreement for the contents thereof.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint, except states that the aggregate exercise price was $691,819.80, and refers Plaintiff and the Court to the referenced Warrants for the contents thereof.

**The JMJ Financial Securities Transaction and its Effect on the Warrants**

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint, except admits that it issued securities to JMJ Financial, Inc. in early 2010.

20. Defendant denies the allegations in Paragraph 20 of the Complaint and refers Plaintiff and the Court to the referenced Warrants for the contents thereof.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint, except admits that ACTI has 1,750,000,000 shares of common stock authorized for issuance

under its certificate of incorporation of which only 1,704,659,759 shares were issued and outstanding on November 2, 2011 and admits that Judge Engelmayer issued 18,000,000 shares to be issued on November 10, 2011.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint, except admits that ACTI had 1,439,826,362 shares issued and outstanding and at least 310,173,638 shares available for issuance in December 2010 and admits that ACTI has issued and delivered at least 264,833,397 shares of common stock to other persons since Cranshire's December 2010 exercise of its Warrants.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint, except admits that 57,514,859 shares have been issued and delivered to two other plaintiff-investors that brought similar suits against ACTI before Judges Paul A. Crotty and Paul A. Engelmayer, admits that in those suits ACTI argued that it lacked sufficient authorized and issued shares to satisfy all similar potential claims arising out of ACTI's transaction with JMJ and admits that ACTI complied when Judges Crotty and Engelmayer ordered it to deliver the required shares.

29.     Defendant denies the allegations in Paragraph 29.

## FIRST CAUSE OF ACTION

30.     Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 29 by reference.

31.     The allegations contained in Paragraph 31 of the Complaint call for a legal opinion to which no response is required, and Defendant refers Plaintiff and the Court to the Warrants for the contents thereof.

32.     The allegations contained in Paragraph 32 of the Complaint call for a legal opinion to which no response is required, except Defendant denies that it has not delivered the referenced shares of stock to Plaintiff.

33. Defendant denies the allegations contained in Paragraph 33 and refers Plaintiff and the Court to the Warrants for the contents thereof.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant admits that Paragraph 36 of the Complaint contains Plaintiff's request for relief.

## SECOND CAUSE OF ACTION

37. Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 36 by reference.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant admits that Paragraph 39 of the Complaint contains Plaintiff's request for relief.

## THIRD CAUSE OF ACTION

40. Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 39 by reference.

41. The allegations contained in Paragraph 41 of the Complaint call for a legal opinion to which no response is required and Defendant refers Plaintiff and the Court to the Warrants for the contents thereof.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant admits that Paragraph 43 of the Complaint contains Plaintiff's request for relief.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, and to each of Plaintiff's alleged causes of action, Defendant, without conceding that it bears the burden of proof as to any of the defenses and without admitting any of the allegations of the Complaint, alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

No conduct allegedly engaged in by Defendant actually or proximately caused Plaintiff any damage.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the agreements between the parties.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensible parties in this action.

Defendant reserves its right to add those affirmative defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant requests that this Court order the following relief:

(a) That Plaintiff takes nothing by its Complaint.

(b) That the Complaint be dismissed with prejudice.

(c) That Defendant is awarded its costs, including reasonable attorneys' fees.

(f) For such other relief as this Court may deem appropriate.


DATED: New York, New York
       December 27, 2011

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


        By: /s/ Daniel L. Brown
            Daniel L. Brown (DB 0906)

        Sheppard, Mullin, Richter & Hampton LLP
        30 Rockefeller Plaza
        New York, NY 10112
        (212) 653-8700

        *Attorney for Defendant Advanced Cell Technology, Inc.*