IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRANSHIRE CAPITAL MASTER FUND, LTD., <br><br> Plaintiff, <br><br> - against - <br><br> ADVANCED CELL TECHNOLOGY, INC., <br><br> Defendant. | Case No.: 11 Civ. 8755 (DLC) <br><br> **ORDER APPROVING FAIRNESS, TERMS AND CONDITIONS OF EXCHANGE AND ISSUANCE PURSUANT TO SECTION 3(A)(10) OF THE SECURITIES ACT OF 1933, AS AMENDED** |

DOCUMENT
ELECTRONIC...
DOC #: _____
DATE FILED: 3/8/2012

This matter having come on for a hearing on _March 8_, 2012, to approve the fairness of, the proposed terms and conditions of the proposed exchange and the issuance of securities in, this matter as described herein and reflected in the Exchange Agreement, dated February 24, 2012 (the "Exchange Agreement"), between Cranshire Capital Master Fund, Ltd. (the "Plaintiff") and Advanced Cell Technology, Inc. ("ACTI"), and the Court having first held a hearing as to the fairness (including to Plaintiff) of the terms and conditions of (x) the proposed

exchange and transactions contemplated by the Exchange Agreement and (y) the offer and issuance of the Shares (as defined below) by ACTI to the Plaintiff and the proposed exchange of Plaintiff's claims therefor, the Court hereby finds as follows:

The Court was advised prior to this hearing that ACTI will rely on the exemption from registration under the Securities Act of 1933, as amended (the "Securities Act"), provided by Section 3(a)(10) of the Securities Act to issue a number of shares of common stock of ACTI to the Plaintiff determined pursuant to Section 1(a) of the Exchange Agreement (the "Shares") in exchange for Plaintiff's claims specified in the Exchange Agreement, based upon this Court's finding herein that the terms and conditions of (1) the proposed exchange and transactions contemplated by the Exchange Agreement and (2) the offer and issuance of the Shares by ACTI to Plaintiff and the proposed exchange of Plaintiff's claims therefor, in each case of clauses (1) and (2), are fair (including fair to Plaintiff) and this Court's approval of the foregoing; and

The fairness hearing having been scheduled upon the consent of the Plaintiff and ACTI, Plaintiff has had adequate notice of the fairness hearing and Plaintiff is the only party to this action to whom Shares will be issued pursuant to the Exchange Agreement; and

The terms and conditions of the proposed exchange and transactions contemplated by the Exchange Agreement and the offer and issuance of the Shares in exchange for the claims of Plaintiff as set forth in the Exchange Agreement are fair (including fair to the Plaintiff, who is the only party to this action to whom the Shares will be issued) both procedurally and substantively; and

The fairness hearing was open to the Plaintiff. The Plaintiff was represented by counsel at the hearing who acknowledged that adequate notice of the hearing was given and consented to the entry of this Order; it is, therefore,

Ordered, that the terms and conditions of (i) the proposed exchange and transactions contemplated by the Exchange Agreement and (ii) the offer and issuance of the Shares by ACTI to the Plaintiff and the proposed exchange of Plaintiff's claims therefor, in each case of clauses (i) and (ii), are fair and are hereby approved as fair (including to the party to whom the Shares will be issued) both procedurally and substantively within the meaning of Section 3(a)(10) of the Securities Act,

Ordered, that (1) the proposed exchange and transactions contemplated by the Exchange Agreement and the terms and conditions thereof and (2) the offer and issuance of the Shares by ACTI to the Plaintiff and the proposed exchange of Plaintiff's claims therefor and the terms and conditions thereof, in each case of clauses (1) and (2), are hereby approved and that the offer and issuance of the Shares by ACTI to the Plaintiff is hereby exempt from registration under Section 3(a)(10) of the Securities Act,

Ordered, that the escrowed proceeds from the sale of the 10,730,265 shares of common stock of ACTI issued to Plaintiff by ACTI pursuant to the order of this Court entered on December 15, 2011, shall be released from escrow to Plaintiff immediately; and it is further

Ordered, that this Court shall retain jurisdiction to enforce the terms and conditions of the Exchange Agreement.

So-Ordered:

_____
U.S. D.J.
Part I